BARDEN v. STICKNEY.

(Filed April 21, 1903.)

1. LIMITATIONS OF ACTIONS—*Accrual of Cause of Action—Vendor and Purchaser.*

In an action to recover money paid for the purchase price of land, the statute of limitation begins to run at the time the payment is made, the vendor having had no title.

2. LIMITATIONS OF ACTIONS—*Married Women—Trusts—Trustees—Agency.*

Where the statute of limitation begins to run against a trustee or an undisclosed agent acting as principal, it is not suspended by the subsequent appearance of a married woman as *cestui que trust* or as the undisclosed principal.

3. LIMITATIONS OF ACTIONS—*Fraud—Mistake—The Code, Sec. 155, Subsec. 9.*

That the title of land attempted to be conveyed by a mortgagor is a failure, is not such a mistake as to prevent the running of the statute of limitation.

PETITION to rehear this case, reported in 130 N. C., 62. Petition dismissed.

*A. O. Gaylord* and *Shepherd & Shepherd,* for the petitioner.

*H. S. Ward* and *Battle & Mordecai,* in opposition.

CLARK, C. J.    This is a petition of the plaintiff to rehear this case decided, 130 N. C., 62, where the facts are stated.

Without further reconsidering the former opinion it is sufficient to say that the Statute of Limitations is a complete bar to the petitioner.    Ayers bought in his own name and without disclosing any agency, and if he was in fact the undisclosed agent of Mrs. Barden, the statute began to run against him, and against her as well, whenever he had a right to recover back the money paid.   If he ever possessed such right, he had it immediately upon payment by him of the money. The alleged cause of action is the sale by Stickney of land to which he had no title.   Ayers claims that having paid the money without consideration the law raises an implied promise to repay it.   That payment was made 30 January, 1888, and this action was not begun till 13 February, 1901.

If Ayers was trustee, instead of being the agent of an undisclosed principal, the same rule would apply, for the Statute of Limitations having begun to run against a trustee or an undisclosed agent who is acting as principal, it is not suspended by the subsequent coming forward of a married woman as *cestui que trust* or as the undisclosed principal. Among many cases it is sufficient to cite *Miller v. Leigh,* 35 Md., 396; 6 Am. Dec., 417; *Huntingdon v. Knox,* 7 Cush., 371; *Traube v. Milliken,* 57 Me., 63; 2 Am. Rep., 14; Clark on Cont., 742; Pollock on Cont., 228, noted and cases cited; *Sims v. Bond,* 5 B. & Ad., 393.    An action for money had and received accrues immediately upon receipt of the money. *Sweat v. Arrington,* 3 N. C., 129; Wood Lim., 328; *Bishop v. Little,* 3 Me., 405; *Furloy v. Stone,* 12 R. I., 437.

This is an action to recover money, and not land, hence the statute runs from the payment of the money.    The Code, Sec., 155 (9), has no application, for there is no evidence or allegation of fraud or mistake.    Stickney sold the piece of land he intended to sell and under a *bona fide* belief that he had a legal right to do so.    That he did not make a good title

is not a "mistake" within the meaning of this section.

Petition Dismissed.

CONNOR, J., having been of counsel did not sit on the hearing of this case.