HENRY J. WRIGHT, administrator of Hetty N. Furniss, deceased,
CLINTON FURNISS and RUTH FURNISS.

*v.*

WILLIAM H. LEUPP, trustee, and WILLIAM P. FURNISS.

[Submitted December 7th, 1905.    Decided December 15th, 1905.]

1. A provision of a spendthrift trust, requiring the trustee to hold the
principal and income of the fund free from all claims of creditors and
providing that the beneficiary shall have no power to anticipate, charge
or encumber the principal fund or the income, does not preclude the
beneficiary from assigning to his wife a half interest in the income of the
fund, as it may accrue and become payable, for her support and that of
her minor children.

2. A husband is not only entitled to the administration of his wife's
estate, but is also entitled to the whole net personalty of such estate.

3. An assignment by a husband to his wife of one-half of the income of
a trust fund as it may accrue and become payable, which provides that
the wife shall support and maintain herself and the children of the parties
without charge to the husband, and which makes no mention of the per-
sonal representatives of the wife, does not give the children any interest
in the trust after the death of the wife, but after such event the husband
is again entitled to the total income of the trust fund, free from any
claim of the children.

4. An agreement by the wife to support the children of herself and
husband without expense to the husband, in consideration of an assign-
ment of the interest in a trust fund to the wife, does not relieve the
husband, as between himself and his children, of the parental duty of
supporting the children.

5. Where a deed creating a spendthrift trust gives the body of the
estate at the death of the beneficiary to his next of kin, without any
right of testamentary disposition in the beneficiary, the latter cannot
assign to his wife any interest in the income of the trust fund which
may accrue and be payable after his death.

---

On final hearing on bill, answer and agreed statement of facts.

*Mr. Frank Durand,* for the complainants.

*Mr. Willard P. Voorhees,* for the defendant William H. Leupp,
trustee.

*Mr. Randolph Perkins,* for the defendant William P. Furniss.

PITNEY, V. C.

The complainant Wright is the administrator, appointed by the surrogate of the city of New York, of Hetty McFarland Furniss, deceased, who was the wife of the defendant William P. Furniss.

His standing in this court is acquired by having filed in the proper office a copy of his letters of administration.

The complainants, Clinton Furniss and Ruth Furniss, are the children of the deceased Hetty and the said William P. Furniss.

The defendant Leupp is the substituted trustee under a deed of trust made by the defendant William P. Furniss and his sister, Grace Livingston Furniss, then residents of New Jersey, to Solon Humphreys, also such resident, which deed of trust was dated the 31st day of July, 1882.

That agreement was before the court in *Furniss* v. *Leupp, 67 N. J. Eq. 159.*

The present action is, in effect, brought by the administrator of the wife and the children of the husband and wife against their father.

It is based on a post-marriage contract between the husband and wife, dated the 24th of February, 1895, which recites a marriage between them on the 25th of January, 1883; the birth of the two children above named—the son, Clinton C., in December, 1883, and the daughter, Ruth, on the 17th of April, 1885; that they have lived separately since May, 1885; that the husband had commenced a suit for divorce against his wife in this court in February, 1894, and the wife had commenced a suit against her husband in September, 1894, in the supreme court of New York, for judicial separation and alimony. The deed provided that both suits should be discontinued, and then provides, in the third clause, as follows:

"*Third.* One-half of that part of the income, as it may accrue and become payable, of a certain trust fund, whereof Solon Humphreys is trustee for the party of the first part, and which is mentioned and described in the answer of the said Solon Humphreys in the action last-above mentioned, is hereby assigned and transferred to the party of the second part,

from and as of the first day of September, 1894. and the said trustee is hereby authorized and directed to pay over to the said party of the second part, or to her order, such half part of said income as shall have accrued since the said first day of September, 1894, and as may hereafter accrue during the lifetime of the party of the first part. During such period the party of the second part agrees to support and maintain herself and the said children without charge to the party of the first part."

The defendant Leupp, as substituted trustee, has answered the bill, setting up certain facts which are admitted for the purpose of the suit to be true, and has submitted himself to the direction of the court.

The defendant Furniss defends · on several grounds, presently to be considered.

Neither of the parties complainant or defendant were present in person at the hearing.

Counsel for defendant, before entering upon the actual trial of the cause, suggested that he had reason to suspect that an error had crept into the copy of the contract between the husband and the wife, and that there should be a production of the original instrument in order to verify its correctness, as set out in the bill. Neither party had the original in court, and the argument proceeded with a reservation of the right to the defendant Furniss to be considered as not waiving the objection, and to ask to be relieved from the admission, contained in his answer herein, of its accuracy as set out in the bill.

The first point made by the defendant Furniss is that the assignment made by the third clause of the agreement between the husband and wife, as set forth, is forbidden by one of the clauses of the deed of trust of July 31st, 1882 (see *Furniss* v. *Leupp, 67 N. J. Eq. 159*), as follows:

"1. The said trustee, party of the second part, shall hold principal, increase and income of said fund, free from all claims. attachments, judgments, executions and liens of every nature by creditors, against either of said parties of the first part, and the said parties of the first part shall not have, nor shall either of them have, any power to anticipate, charge or encumber the said principal fund or any part thereof, or the increase, interest or income thereof, or in any way defeat the intent of this instrument as herein expressed, which is to make provision for the support, maintenance and personal comfort of the parties of the first part, free from liens and claims of creditors."

A careful reading of that clause fails to satisfy me that such contention can be sustained.

The clause is what is known as a spendthrift clause, and was intended to protect the *cestui que trust* against his own improvidence, and against directly or indirectly anticipating the income—that is, against spending it in advance of its accrual by running in debt or mortgaging it for a sum at present in hand.

Now, the providing for the support of his wife and children by assigning a portion of his income as it accrues, and no faster, to be paid to the wife, is not charging or encumbering it in the sense in which that language is used in the clause in question, nor did it defeat the intention of the instrument, unless I am to hold, which I decline to do, that its object was to provide for himself personally, to the exclusion of any wife or children he might have.

The next point made by the defendant, however, has more substance. And that is, that the clause in the contract between husband and wife, above recited, relied upon by the complainants, became *functus officio* upon the death of the wife.

The argument on this part of the case is that, as at the making of the contract the children were still young—one twelve and the other ten years old—and were by implication left in the custody of the wife, that the provision was made for her support and that of the children during her lifetime, and for no longer, which would be as long as she could perform the covenant made by her, in consideration of the assignment, to support the children, and, of course, as long as she would need support herself.

This view is strengthened by the circumstance that the personal representatives of the wife are not mentioned in the deed.

Moreover, by the common law which prevails in New Jersey, and which, in the absence, as here, of contrary allegations and proof, is presumed to govern this case, the husband is not only entitled to administration of his wife's estate lying in this state, but, whoever may administer it, he is entitled to her whole net personalty. Hence any fund which might come to the hands of the complainant administrator must, after paying her debts, go to the husband defendant, unless an enforceable trust in favor of the children can be found in the contract of assignment.

I am unable to find in the contract any such trust of which this court can take notice or attempt to define or enforce.

The only mention of the children, except the statement of their birth and age, is that found in the last clause of the section above recited—"during such period the party of the second part agrees to support and maintain herself and the said children without charge to the party of the first part." All that this amounts to is an assumption by the wife (in consideration of the assignment) of the whole parental duty of supporting the children.

As between the father and those children he was not relieved of that duty, and, as there is no proof that the father was ever possessed of any fund belonging to the children upon which a court could lay its hand, I am aware of no basis upon which any court could ascertain and determine how much of the fund assigned to the wife should be spent in supporting the children.

Be that as it may, the wife died on the 12th of April, 1904, at which time the oldest child was of age and the second one nineteen years old. All obligation on the part of the husband to support the son, the elder, had then elapsed, and his obligation to support the younger survived in full force, without any protection arising out of the covenant by his wife in that behalf.

But the complainant points out and relies upon the definition of the period found in the assignment—"as may hereafter accrue during the lifetime of the party of the first part"—and it is just here that counsel for defendant fancies a mistake has crept into the copy. He fancies it should read during the lifetime of the party of the second part, the wife.

But I am now considering it as it reads, and must construe it in connection with the terms of the trust as set forth in the answer of Solon Humphreys to the suit for support and maintenance mentioned in the contract between the husband and wife (and recited in the answer of the trustee herein), and that trust is the one created by the deed of July 31st, 1882, which is still in force and of which the defendant Leupp is trustee.

By that deed, as I interpret it, at the death of the defendant Furniss, the body of his estate will go to his next of kin. He did not therein reserve any right of any testamentary disposi-

tion, so that he reserved only a life estate therein, and could not properly bind himself to pay anything to his wife after his decease.

This situation accounts for the limitation of the husband's liability to his lifetime.

My conclusion is that the complainant administrator is entitled to recover a few dollars, which, by applying the doctrine of apportionment of time, will be found to be due to the wife at the time of her death, but the children are not entitled to anything, and as to them the bill must be dismissed, with costs.