CAMDEN SAFE DEPOSIT AND TRUST COMPANY

*v.*

WILLIAM S. SCHELLENGER, administrator, &c., et al.

[Heard December 18th, 1910.   Determined December 22d, 1910.]

1. When an income is due and payable to a life *cestui que trust*, it becomes vested in the *cestui que trust*, and is subject to his disposition and control.

2. A trustee under a codicil to a will was directed to pay the income semi-annually to the *cestui que trust*, "and to no other person or persons during all the term of his natural life, the same not to be in any way anticipated by him, or to be paid to any creditors. of his, but to him only."—*Held*, that beneficiary enjoyed a vested interest in the income as it became due and payable, and that such income as had been earned and which was payable to the beneficiary at his death, and which had not been paid or disposed of by him, passed to his personal representative.

On bill for direction in performance of trust.

*Mr. George J. Bergen,* for the complainant.

*Mr. Francis D. Weaver,* for the defendant William S. Schellenger, administrator.

*Messrs. Gaskill & Gaskill,* for the defendant Central Trust Company, guardian.

LEAMING, V. C.

A careful consideration of the matter here presented leads me to the conclusion that the income in question, which was payable and should have been paid to Thaddeus W. Markley in his lifetime, passed at his decease to his personal representatives as a part of his estate.

The well-established rule of the common law was to the effect that a trust could not be created with a provision that the inter-

est of the life *cestui que trust* could not be alienated or subjected to the claim of his creditors. The only manner in which that result could be accomplished to the exclusion of rights of creditors was by means of cessor or limitation. The donor could settle property until alienation, bankruptcy or insolvency of the *cestui que trust,* with a limitation over on the happening of either of those events; in such case no vested interest accrued, for the interest of the *cestui que trust* was terminated by the act of alienation or insolvency. The theory of the English courts was that a condition that property should not be alienated, attached to a transfer otherwise absolute, was repugnant to the nature of the estate granted. The English rule is summarized in *Broadway National Bank* v. *Adams, 133 Mass. 170, 172,* as follows:

"When the income of a trust estate is given to any person (other than a married woman) for life, the equitable estate for life is alienable by, and liable in equity to the debts of, the *cestui que trust,* and that this quality is so inseparable from the estate that no provision, however express, which does not operate as a cessor or limitation of the estate itself, can protect it from his debts."

While the rule above stated has been adopted by some of the American states it has been repudiated by others, and the rule cannot be said to be the established American rule. On the contrary many of the American states have adopted the view that while alienability is an indispensable incident of legal life estates and estates in fee, it is not so of equitable life estates. It has been frequently held by American courts that property may be devised or conveyed to a trustee upon trust that the income shall be payable to another for life and shall not be subject to alienation by the beneficiary or liable for his debts. A leading case supporting this view is *Nichols* v. *Eaton, 91 U. S. 716.*

I am not aware that any case has arisen in this state in which what I have referred to as the American rule has been challenged in such way as to call for a determination of the exact extent to which such an equitable estate may be lawfully exempted from voluntary or involuntary alienation by force of the express or implied provisions of the trust. In *Hardenburgh* v. *Blair, 30*

*N. J. Eq. (3 Stew.) 645,* it was determined that the jurisdiction of the court of chancery and of the courts of law to compel discovery and apply the property of a judgment debtor in satisfaction of a judgment, does not extend to property held in trust for the judgment debtor, under an active trust, where the trust has been created by a person other than the judgment debtor. It will be observed, however, that the exemption of the equitable estate in that case was declared by reason of the inadequacy of the jurisdiction of the courts to reach it, and not because of any exemption created by the testator. The decision in that case no doubt occasioned the act of March 12th, 1880 (*P. L. 1880 p. 274*), whereby a remedy was provided in case the income should exceed four thousand dollars. But in *Wright* v. *Leupp, 70 N. J. Eq. (4 Robb.) 130,* Vice-Chancellor Pitney appears to have proceeded upon the theory that spendthrift trusts could be here supported, although in that case he held that the alienation by the *cestui que trust* was not in violation of the terms of the trust.

Assuming that a donor in this state may lawfully protect the trust income from anticipation by the life *cestui que trust,* it does not follow that income which has accrued and is due and payable under the terms of the trust may not be alienated by the life *cestui que trust.* On the contrary the better rule, and the only rule which I find has received recognition from the courts, is that when income is due and payable it becomes vested in the life *cestui que trust* and is subject to his disposition and control. In *Moore* v. *Moore, 1 Coll. 54; S. C., 13 L. J. Ch. 124; 8 Jur. 139,* the trust involved was a marriage settlement in favor of a wife. As already indicated, such trusts were not subject to the rule referred to as the English rule. It was there recognized that when the income had become due and payable it became a part of the estate of the *cestui que trust.* The same may be said of *Butler* v. *Cumpston, L. R. 7 Eq. Cas. 16, 21.* The same view is adopted in *Furniss* v. *Leupp, 67 N. J. Eq. (1 Robb.) 159, 162.* In the affirmance of *Furniss* v. *Leupp* by our court of appeals (*69 N. J. Eq. (3 Robb.) 831*), the distinction referred to between anticipation by the *cestui que trust* and the disposition by the *cestui que trust* of money due and payable under the

trust is given recognition, but the question of the validity of the restrictions imposed by the trust is expressly reserved as unnecessary to the decision of the case.

It will be observed that by the provisions of the codicil now in question, the trustee is directed to pay the income to Thaddeus W. Markley semi-annually. No discretion is extended to the trustee. I entertain the view that in such cases, under the law as reflected by the adjudications already referred to, the life *cestui que trust* must be held to enjoy a vested interest in the income as it becomes due and payable, and that such income, if not disposed of by the life *cestui que trust* in his lifetime, will pass to his legal representatives. The provisions of the codicil now in question are that the trustees shall pay the income semi-annually to Thaddeus W. Markley "and to no other person or persons during all the term of his natural life, the same not to be in any way anticipated by him, or to be paid to any creditors of his, but to him only." These provisions cannot, in my judgment, be held effective to deny to the *cestui que trust* a vested interest in such income as may have been earned and become payable to him under the terms of the trust. Even though it be assumed that by appropriate language such result could be accomplished, the language quoted clearly fails to indicate any intention upon the part of testator to do more than prevent the *cestui que trust* from anticipating payments before due. The inflexible requirement for semi-annual payments is inconsistent with any other view. The income which is to be applied to the use of the daughter of the *cestui que trust* at his death is the income on the principal sum arising after the death of the first *cestui que trust.*

It is not my purpose to here determine that the result may not be otherwise in a case in which the trustee is by the will given discretion to apply to the use of the life *cestui que trust* only such part of the income as the trustee may deem proper or expedient. See *In re Coleman (1888), 39 Ch. Div. 443, 452,* distinguishing *Green* v. *Spicer, 1 Russ. & My. 395; S. C., 8 L. J. Ch. (O. S.) 105,* and *Younghusband* v. *Gisborne, 1 Coll. 400; S. C., 15 L. J. Ch. 355.* Nor am I here concerned with the extent to which equitable estates of the nature here under

consideration may be protected by reason of the inadequacy of legal or equitable remedies to enable creditors to reach them. The single question which I here determine is that at the death of Thaddeus W. Markley, the income which had then been earned and which was then payable to him under the terms of the trust, and which had not been then paid to him or disposed of by him, passed to his personal representatives and should now be paid to such personal representatives.