ESTHER L. RANKIN, WHO SUES BY FRED. LONG, SR., HER NEXT FRIEND, PLAINTIFF-APPELLEE, v. ANNA RANKIN, DEFENDANT-APPELLANT.

Submitted March 21, 1912—Decided July 29, 1912. ·

1. The vested interest, which a wife had under policies in her favor, on her husband's life, where he survived her, passed to him, and upon his death became a part of his estate and subject · to his debts.

2. Insured, after the death of his first wife, the beneficiary, under policies on his life, remarried without· making any change as to the beneficiary. Subsequently he died, and a check for the insurance proceeds, payable to defendant and decedent's three children, was collected by defendant, who procured the endorsement of the plaintiff, under a promise, as claimed by her, that defendant would settle with her. · There was no evidence that defendant waived her ·legal exemption as widow. *Held*, in an action against defendant for one-fourth of the proceeds of the check, that ·the plaintiff was not entitled thereto, but merely to one-fourth' of what remained after deducting defendant's exemption and decedent's debts, and hence it was error to exclude proofs by defendant as to what debts she had paid. ·

On appeal from the Second District Court of Jersey City.

Before Justices BERGEN, VOORHEES and KALISCH.

For the appellant, *Weller & Lichtenstein.*

For the appellee, *Frank. G. Turner.*

The opinion of the court was delivered by

KALISCH, J. . This is an appeal from a judgment for $90.57 recovered by the plaintiff against the defendant, in the Second District Court of Jersey City, the court sitting without a jury. The state of facts upon which the court found in favor of the plaintiff, is as follows: Amos Rankin was the husband of Clara Rankin. They had three children. Amos took out three policies of insurance on his life in the Metro-

politan Life Insurance Company, aggregating in amount $362.30, under the dates of February 3d, 1890, September 21st, 1891, and February 29th, 1892, respectively, for the benefit of Clara Rankin, his wife, she being the person designated in each application for insurance, as the sole beneficiary. Shortly after the issuance of the last policy Clara Rankin died without having made any disposition of her interests in said policies. No letters of administration were taken out on her estate. Amos Rankin subsequently married the defendant, Annie Rankin. No other beneficiary was designated by Amos Rankin, and the applications and policies remained as originally made. Amos Rankin died on November 20th, 1910, and no letters of administration were taken out on his estate. He left no other estate than the proceeds of the policies of insurance. The insurance company made a check payable to Anna E. Rankin, the widow, Frederick J. Rankin, Esther L. Rankin and Ida Rankin, children of Amos Rankin by his first wife, Clara Rankin, deceased, which it sent to the appellant, who obtained the endorsements of the payees of the check and subsequently drew the money thereon. That the plaintiff was induced to endorse the check by reason of a letter received from her sister, which was authorized by the appellant, stating that her, the plaintiff's endorsement, was needed to enable the appellant to draw the money and settle with her. It is conceded that Clara Rankin had vested interests in the policies at the time of her death. When that event happened the policies had not been in force more than two years so that her vested interests were of a mere nominal value. As such vested interests constituted a property right, the husband, as such, became entitled to her whole net personalty. *Wright* v. *Leupp,* 4 *Robb.* 130.

Amos Rankin made no change in the policies, so that when he died, they became a part of his estate, and the proceeds thereof subject to his debts.

The plaintiff brought her action against the defendant, claiming one-fourth of the proceeds of the check, upon the ground that when she endorsed the check she was led to believe by the appellant that it was solely to enable the appellant

to draw the money and settle with her. It was upon this statement by the plaintiff, that the trial judge gave her a judgment for one-fourth of the proceeds of the check irrespective of the fact whether or not she was legally entitled to it, as one of the next of kin of Amos Rankin, deceased. The trial judge manifestly assumed from the promise by the appellant to settle with the plaintiff that it was a promise to pay her one-fourth of the proceeds of the check. And why one-fourth of the proceeds of the check? Why not one-fourth of the proceeds of the check, less $200, being the exemption allotted by law to the widow out of the estate? A deduction of the widow's exemption left $162.30 for distribution. The finding of the trial judge that there was a promise to pay by the appellant to the plaintiff of one-fourth of the proceeds of the check has no testimony to support it. There was no testimony that the widow had waived the exemption which the law created in her favor. The appellant's promise to settle with the plaintiff was not equivalent to a promise to pay one-fourth of the proceeds of the check. This promise is only rationally consistent with the assumption that if there was anything left after the legal obligations of the estate were discharged the plaintiff would receive her share on a settlement thereof.

The plaintiff's main contention for the upholding of the judgment is that because the insurance company made the check payable to the appellant and the three children of Amos Rankin, deceased, and because the plaintiff endorsed the check under a promise of settlement with her by the appellant, the appellant is estopped from setting up the defence that the plaintiff is not entitled to one-fourth of the proceeds of the check or some part thereof. This ground is untenable. The proceeds of the insurance policies having become the property of the estate at the death of Amos Rankin, the appellant could not legally have bound the estate by transferring one-fourth of its assets to the plaintiff. To have done so would have been a fraud upon creditors of the estate. The promise of a settlement did not import any individual undertaking on the appellant's part to pay anything to the plaintiff. It created no legal liability. It amounted to no more than a simple under-

taking by the appellant to pay to the plaintiff her share of anything that was left out of the estate. The mere fact that the insurance company made the check payable to the widow and the three children is of no legal signification. It might well have been due to precaution on the part of the insurance company to guard against any claim being made against it by the widow and the next of kin. If it was due to a rule of the company or a provision contained in the applications or policies, it was not divulged by any testimony in the cause. As section 39 of the act entitled "An act to provide for the regulation and incorporation of insurance companies and to regulate the transaction of insurance business in this state," approved April 3d, 1902 (*Pamph. L., p.* 422), was not in existence at the time of the issuance of the policies, it could not be attributed to it. But whatever motive prompted the insurance company to make the check in the manner it did, cannot have the slightest influence on the legal situation. The estate of Amos Rankin being entitled to the proceeds of the policies the payees of the check became in law trustees for the estate. Since, by common consent of the payees, the appellant was authorized to receive the fund and actually did receive it, she was constituted the trustee of the fund for the estate. None of the children had any legal claim to any part of the fund until the debts of the estate were paid. After this had been accomplished and there remained a balance in the hands of the appellant, such balance belonged to the widow and the children. It was, therefore, incumbent upon the plaintiff to show that after the legal obligations and debts of the estate had been discharged there was remaining a balance in the hands of the appellant belonging to the estate, a proportionate share of which the plaintiff was entitled to. The case is utterly barren of any testimony upon that phase of it. When the appellant attempted to prove what debts of the estate she had paid, the court excluded the proof. We think the appellant was entitled to offer such proof and that its exclusion was error.

The judgment will be reversed.