CHELSEA-WHEELER COAL CO., complainant-respondent,

*v.*

LOLA PARKER MARVIN and HERMAN FINN and CLARENCE
BLITZ, substitutionary administrators *cum testamento
annexo* of the estate of Arthur Parker, deceased, defend-
ants-appellants.

[Submitted May term, 1942.   Decided October 15th, 1942.]

*Mr. Clarence Blitz (Mr. Herman J. Finn,* of counsel), for
the appellants.

*Messrs. Kirkman & Mulligan,* for the respondent.

The opinion of the court was delivered by

HEHER, J.

The proceeds of a life insurance policy are payable to the
beneficiary in monthly installments under a clause providing
that neither the beneficiary nor the assignee "shall have power
of commutation, alienation or assignment of the installments,
or any of them, unless by the written permission of the
insured;" and the essential questions for decision are whether
the contract was made in this state, and therefore governed
by our laws, and, if so, whether the provision against assign-
ment of the installments is enforceable.   It seems to be con-

ceded that it is effective if governed by the laws of Pennsylvania, where the insurer is domiciled.

We entertain the view that the decree should be reversed for nonjoinder of a necessary party. For aught that appears, the insurer may well have an interest in the enforcement of the nonassignability clause. True, alienation or assignment is forbidden unless authorized in writing by the insured. But that does not necessarily mean that, after the insured's death, the insurer may not be heard on the question of the efficacy of the restraint. Generally, a chose in action is assignable unless enjoined by the contract out of which it arose. In the ultimate analysis, the question is one of intention; and if, in the particular circumstances, there may be an assignment without violation of the essence of the common design, the prohibition may be disregarded. *Grigg* v. *Landis, 21 N. J. Eq. 494.* And the doctrine of waiver may apply in certain circumstances, but not to estop a party who has not voluntarily relinquished the right. Whether the insurer may demand observance of the clause against alienation or assignment is a question that should not be adjudicated until it is made a party to the suit and afforded an opportunity to be heard thereon. And we are not to be understood as holding that, if the insurer has no interest in the effectuation of this provision, the assignment is unassailable. Consideration of this and the other questions raised may well await the redetermination of the issues after the insurer has been made a party to the suit; and they are accordingly reserved.

The decree is reversed, and the cause remanded for further proceedings in conformity with this opinion.

*For affirmance*—THE CHIEF-JUSTICE, DONGES, PERSKIE, DEAR, WELLS, RAFFERTY, JJ. 6.

*For reversal*—PARKER, CASE, BODINE, HEHER, PORTER, COLIE, HAGUE, THOMPSON, JJ. 8.