The bill of complaint shows that defendant Marjorie D. Gardner is entitled to receive and has been receiving for many years, the net income for life from two trust funds of which complainant is trustee, one created by the will of her mother and the other created by the will of her father. Under the mother's will she receives one-half of such income as survivor of her father and the other half directly. As to the first half, the mother's will directs that such income shall be paid to her "free from any debts, contracts and engagements which she shall have or may enter into."
As to the second half, said will directs that such income shall be paid to her "free from any debts, contracts and engagements which she shall have made or subsequently make."
The father's will directs that such income shall be paid to her "free and clear of her debts, contracts, engagements, alienations and anticipations, and free and clear of all levies, attachments, executions and sequestrations."
Said defendant is the wife of defendant Francis E. Gardner. On April 1st, 1943, a copy of a written agreement entered into between the husband and wife was delivered to complainant, wherein it was agreed between said parties (among other things) that the total net income derived from both aforementioned trust estates should be distributed by complainant, two-thirds outright to Marjorie D. Gardner for her sole use, with no reserve, and the remaining one-third to Francis E. Gardner for his sole use, with no reserve or accounting, and that the agreement should be irrevocable without the consent of both parties thereto. No consideration for the agreement is stated therein. At the same time there was also delivered to complainant a copy of a power of attorney executed by said Marjorie D. Gardner whereby she appointed her husband her attorney to exercise extensive stated powers for her use and benefit and particularly to sign for, be paid and receipt for all income payable by complainant under the terms of the wills here under consideration, which power of attorney was therein stated to have been given for a valuable consideration and to be irrevocable. *Page 438 
Francis E. Gardner demands that complainant make payments of income to him according to the terms of the aforesaid agreement and under said power of attorney, and threatens legal action to compel complainant to comply with the terms thereof; whereupon complainant filed its bill in this cause naming Mr. and Mrs. Gardner as defendants and praying the instruction of this court as to its duties in the premises. Formal answers were filed by each defendant in person, wherein they admit all allegations of the bill and join in complainant's prayer for instructions and pray that complainant be directed to distribute the net income of the said trust funds in accordance with the agreement entered into between them, and to honor the power of attorney executed by Marjorie D. Gardner. The defendants are not represented in the cause by solicitor. They appeared in court at the hearing and participated therein but they presented no argument as to why complainant should be directed to vary in any respect from the terms of the wills under which it is acting as trustee, except to say such was their desire.
The agreement is solely between husband and wife. It imports no consideration moving to Mrs. Gardner and merely expresses her wish or intention to make a gift to her husband of a portion of certain income to which she is entitled from certain trust funds. It states an understanding or agreement, wholly between husband and wife, that complainant shall distribute net income which comes to its hands as trustee, in a manner different from the terms on which it accepted the administration of the trusts, including payment by it out of income of premiums on life insurance policies and income taxes. It contains no words of assignment by the wife to her husband of the income to which she is entitled arising from said trusts. I am inclined to instruct complainant that the agreement imposes no duty or obligation on it which it is bound in law to recognize, but since courts of equity pay little attention to form and desire to give effect to the purpose of parties under any writing which indicates an intention by one to assign to the other an interest in a fund belonging to him (Brokaw v. Brokaw, 41 N.J. Eq. *Page 439 215; Structural Gypsum Corp. v. National, c., Co., 107 N.J. Eq. 32) and the parties in interest are all before me, I shall state my conclusions on the questions presented.
The plain purpose of both testators was to create spendthrift trusts to insure to their daughter an income for life and through restrictions imposed on the alienation of that income, to protect her from her own improvidence by prohibiting any act by her which might frustrate their purpose.
There is no reported decision in this state which passes on the validity of such trusts so far as concerns the right of thecestui que trust to make voluntary disposition of the whole or part of his life interest in anticipation of the time he is entitled to receive payments. When the effect of such trusts on the rights of creditors is in question and an involuntary disposition of the cestui's income contrary to the terms of the trust is sought, statutory provisions are to be considered.Harcum v. Greene, 111 N.J. Law 129; Cowan v. Storms,121 N.J. Law 336. The view generally taken by courts in this country is that restraints against alienation of anticipated life income are valid and enforceable, especially as to attempted voluntary alienation by the cestui que trust (119 A.L.R. 24 et seq.). In this state in Furniss v. Leupp, 67 N.J. Eq. 159,
Vice-Chancellor Pitney indicates his opinion that such restraints are valid but his decision was that the income there in dispute did not come within the provisions of the restrictive anticipation clause before him. The Court of Errors and Appeals (69 N.J. Eq. 831) in affirming the Vice-Chancellor, declined to consider the validity of the anticipation clause. In Camden SafeDeposit and Trust Co. v. Schellenger, 78 N.J. Eq. 138,
Vice-Chancellor Leaming also seems to hold to the opinion that such restraints are valid but he said he was not called upon to decide that question.
The question whether or not income actually due and payable to a cestui que trust under a spendthrift trust may be assigned or disposed of by the cestui, has been before our courts and it has been held that income which has accrued under such a trust becomes, on accrual, vested in the cestui and is subject to his disposition and control. Furniss v. *Page 440 Leupp, supra; Camden Safe Deposit and Trust Co. v.Schellenger, supra; see Wright v. Leupp, 70 N.J. Eq. 130;Chelsea-Wheeler Coal Co. v. Marvin, 131 N.J. Eq. 76; reversed on other grounds, 132 N.J. Eq. 462. I therefore advise complainant that as to net income earned by the trusts and accrued in complainant's hands as trustee at the time the copy of the agreement entered into by defendants was delivered to complainant, the agreement would be valid as to the proportions in which such income should be distributed by complainant, but the testimony shows that the trustee had no undistributed income on hand at that time.
As to income accruing on the trust funds after receipt by complainant of a copy of the agreement, I hold and so advise complainant that the agreement is ineffectual as an assignment of anticipated income payments, because contrary to the restrictions imposed by the terms of the gifts as contained in the wills creating the trusts. I adopt the words of Vice-Chancellor Berry (although used in connection with a trust of a different nature) that "the power to dispose of property by will includes the right to attach to testamentary gifts such terms, conditions, limitations or restrictions as the testator pleases, provided they are not contrary to public policy or forbidden by law. And every presumption will be taken in favor of the validity of conditions and restrictions imposed by a testator." Girard TrustCo. v. Schmitz, 129 N.J. Eq. 444-454. The conditions and restrictions imposed by Mrs. Gardner's parents on the testamentary provisions they made for her, were attached to such provisions because of the solicitude the parents had for their daughter and with the definite purpose of insuring her support and maintenance for life. They express the wishes and desires of the parents, they do not offend any public policy of the state, are not forbidden by law and are binding on Mrs. Gardner. She has no right or power to enter into any agreement which will defeat them wholly or partially. She cannot make disposition of her interest in the net income of the trusts prior to the time she is entitled to come into possession of such income.
I do not understand that the power of attorney of which complainant is given notice (which I am told is a recorded *Page 441 
document) presents any question for decision as to any act or duty complainant is called upon to perform in connection with its administration of the trusts. Complainant will probably make income payments by check drawn to the order of the principal and if such checks reach the hands of the attorney, he will deal with them as attorney in fact.