J. K. MORISEY, exr., v. MARY P. BROWN et al.

(Filed 12 March, 1907).

**Wills—Construction—Specific Devise.**—A devise of "the residue of my lands in Sampson County" is specific, and the land so devised is not, in the absence of express language in the will, or such as clearly indicates the intention of the testator to make it so, chargeable with the payment of pecuniary legacies.

CIVIL ACTION, heard on the pleadings before *Jones, J.,* at November Term, 1906, of the Superior Court of DUPLIN County.

D. V. Morisey, on 9 September, 1899, duly executed his last will and testament, in which he gave to defendant Mary P. Brown certain real estate specifically described and "one thousand dollars in money." He gave to some of the other defendants legacies and devised lands to them. To other defendants he devised land. The ninth item of the will is in the following words: "I give to my nieces, Walker and Annie Morisey, daughters of my brother James K. Morisey, the residue of my land in Sampson County." The executor brings this proceeding for the purpose of having the will construed and to ascertain whether he has the power to sell the real estate devised to pay off the pecuniary legacies, alleging that he has administered the personal estate and that the balance in his hands is insufficient for that purpose. The defendants admit the allegations in the complaint and contend that the real estate devised in the ninth item of the will is liable for the payment of the legacies. It seems to be conceded that the other devises are specific. His Honor being of the opinion that the land was not liable, rendered judgment accordingly, and defendant Mary P. Brown appealed.

*H. E. Faison* for plaintiff executor.
*Rountree & Carr* for defendant M. P. Brown.
*J. D. Kerr, H. A. Grady,* and *A. C. Davis* for the heirs.

CONNOR, J., after stating the case: The principles controlling the decision of this case are simple and well settled. "The real estate of the testator specifically devised is never charged with the payment of legacies, unless either the intention to charge pecuniary legacies upon it is expressly declared, or is to be necessarily implied from the context of the will or from the facts and circumstances of the case. The presumption as between the specific devisee and pecun-

iary legatee is that the testator intends the money legally to be paid first out of the personal property and next out of the real estate which is included in the residue." 2 Underhill on Wills, 396. This is also the rule in regard to debts. *Bapt. University v. Borden,* 132 N. C., 476. The appellant, conceding this to be the law, insists that the devise of "all the residue of my lands in Sampson County" is a residuary devise. We do not concur in that view. If the word "residue" stood alone, the construction contended for would be correct, but it is limited by the words "in Sampson County." Item 6 of the will gives to other persons "the balance of my real estate in and around Warsaw in Duplin County." These words, in our opinion, make the devise specific as confined to the lands in "Sampson County," thus leaving undisposed of any lands the testator may have had in other counties. Whether he had land in other counties does not appear, either from the will or the pleadings. There is nothing in the will to indicate that he knew or believed that his personal estate would not be sufficient to pay the pecuniary legacies, or that he intended his land to be subjected to the payment of them. Following the well-settled rule that such intention must appear, either in express terms or by at least reasonable implication, we cannot charge the legacies upon the land. They must be paid ratably out of the balance in the hands of the executor from the proceeds of the personalty. Such being his Honor's opinion, the judgment must be

Affirmed.