This matter comes before me for final hearing on a bill filed by the executors and trustees of the estate of Morris Dannenbaum, late of the City of Atlantic City, against The Equitable Life Assurance Society of the United States, The Mutual Life Insurance Company of New York, New England Mutual Life Insurance Company, New York Life Insurance Company, Northwestern Mutual Life Insurance Company and The Penn Mutual Life Insurance Company, hereinafter referred to as the insurance companies.
Complainant, who is the sole surviving executrix and trustee under her father's will, has remarried since the filing of the bill and her name is now Rosalie D. Denzer.
The defendant insurance companies have on deposit approximately $300,000 which constitute the proceeds of life insurance policies issued on the life of said Dannenbaum. This $300,000 is held pursuant to the terms of settlement agreements selected by said Morris Dannenbaum during his lifetime. The policies do not designate specific beneficiaries to whom the proceeds were to be paid but instead contain settlement agreements directing that the proceeds should be held by the companies and paid in the following manner: *Page 341 
1. Interest at a fixed rate to be paid annually to Mrs. Denzer for the term of her natural life, plus in the case of the mutual companies any additional interest allotted by the companies based on their general earnings.
2. Mrs. Denzer is granted the privilege of withdrawing $6,000 annually ($1,000 a year from each company) during her natural life.
3. On the death of Mrs. Denzer interest at a fixed rate plus in the case of the mutual companies any additional interest allotted by reason of excess general earnings of the companies to Alan and Sheila Marks, children of Mrs. Denzer, for the term of their natural lives, survivor of one to take other's interest if first to die leaves no issue.
4. Remaining principal to issue of Alan and Sheila Marks.
5. If no issue of Alan and Sheila Marks, remaining principal to be added to the corpus of an insurance trust established by Morris Dannenbaum in 1934. This insurance trust provides for the receipt by the trustee of the proceeds of certain policies (not those involved herein) taken out by Morris Dannenbaum on his life and on which he paid the premiums and the transfer of those proceeds to the Federation of Jewish Charities. The trust deed contains a provision that the Jewish Hospital, Philadelphia, and Mt. Sinai Hospital, Philadelphia, be substituted and take equal shares if the Federation of Jewish Charities is not in existence at the time payments are to be made. The trust deed has a further provision that any charity may be substituted in the discretion of the trustee if none of the named charities is in existence at the time payments are to be made.
Testator's estate was a very substantial one and was, generally speaking, disposed of by him principally in trust, the trustres consisting of the residuary estate from which testator provided for an annuity to his son for life and gave to his daughter, complainant herein, the income on the balance of the residuary estate for life and upon her death her children are to take the income for life and on the termination of the trust the principal goes to certain charities.
The executrix paid federal and New Jersey estate taxes in a total sum of $132,279.44. The amount paid for federal *Page 342 
and state estate tax by reason of the inclusion of the life insurance proceeds in the gross estate was $45,358.61; the amount paid to the State of New Jersey under its estate tax was $3,848.13 and the amount paid to the federal government was $41,510.48.
The prayer for relief is of a four-fold nature, (a) construction of the will of the decedent, (b) instructions to the executrix based upon such construction, (c) for an accounting and (d) that a decree be made against the six insurance company defendants requiring them to proportionately reimburse the executrix for the amount of federal and state taxes paid by said executrix by reason of the proceeds of the life insurance policies having been included in the gross estate of decedent.
The relief sought is against the six insurance companies only, based on the allegations of paragraph 11 of the bill of complaint, as follows:
"Complainants contend that by virtue of the Federal Statute in such case made and provided (26 U.S.C.A. 826-c), and by virtue of the fact that decedent impliedly directed the insurance companies aforesaid to reimburse his executors, which implied direction is contained in paragraph 10 of decedent's will, a copy of which is hereunto annexed, marked exhibit A, the said" six life insurance companies "are respectively required to reimburse complainants in the proportions mentioned in the bill of complaint."
The question to which an answer is sought is that stated in the thirteenth paragraph of the bill of complaint, as follows
"Are the said six life insurance companies [naming them] liable to complainants for the payment to them of the proportionate amount of the Federal and estate tax and the New Jersey estate tax, together with interest from August 2d 1940, assessed on account of the inclusion in decedent's gross estate of the proceeds of the insurance policies referred to in this bill?"
From the foregoing it is evident that the prayer for an accounting is merely incidental to the real relief which complainant seeks. In other words, there is no real necessity for *Page 343 
an accounting because if the insurance companies are liable as suggested by complainant the respective amounts of their liability would be mathematically ascertained without the necessity of an accounting.
Jurisdictional questions are raised by the insurance companies which, in view of the result herein reached, will not be passed upon excepting as that result necessarily passes upon the question as to whether, under the circumstances of this particular case, the court has jurisdiction to enter the decree asked for against the defendant insurance companies.
In order to answer the question as propounded by complainant as above set forth it is necessary to have before us the provisions of the tenth clause of the will aforesaid, as well as the provisions of the federal statute hereafter quoted. Paragraph 10 of the will reads as follows:
"Tenth: I direct all inheritance, succession or legacy taxes of any sort on the legacies bequeathed by my Will, including also such taxes on life interest in the trust estates herein created, and including my residuary estate, shall be borne by the principal of said residuary estate, so that all legatees and beneficiaries shall receive the interests bequeathed to them free and clear of all such taxes."
The cases construing like sections of the will are found inGaede v. Carroll, 114 N.J. Eq. 524; 169 Atl. Rep. 172;Fidelity Union Trust Co. v. Suydam, 125 N.J. Eq. 458;6 Atl. Rep. 2d 392; Morristown Trust Co. v. Childs, 128 N.J. Eq. 524; 17 Atl. Rep. 2d 559.
In the foregoing cases provisions as to the payment of federal and state taxes very similar to the section 10 now under consideration were construed, with a uniform holding that results in my concluding that the moneys accruing at the death of the testator under the life insurance policies did not pass "by my will" and that testator did not, therefore, direct that the federal and state taxes be "borne by the principal of said residuary estate, * * * free and clear of all such taxes," and that this being so, the implied direction of the testator was that "such taxes" be paid as directed by the statute in such case made and provided. That statute reads as follows: *Page 344 
"26 U.S.C.A. 826 (c) — Liability of life insurancebeneficiaries. If any part of the gross estate consists of proceeds of policies of insurance upon the life of the decedent receivable by a beneficiary other than the executor, the executor shall be entitled to recover from such beneficiary such portion of the total tax paid as the proceeds, in excess of $40,000, of such policies bear to the net estate. If there is more than onesuch beneficiary the executor shall be entitled to recover fromsuch beneficiaries in the same ratio. 53 Stat. 127."
A decree such as complainants seek from the defendant insurance companies, requiring them to pay the federal and state taxes would require a finding that these insurance companies are "beneficiaries" of the proceeds of the policies, and complainants contend that they are such beneficiaries as were contemplated by the statute.
It is conceded by complainants that the relationship between the insurance companies and the beneficiaries named in the policies is that of debtor and creditor and that this is true is substantiated by McLaughlin v. Equitable, c. (Court ofErrors and Appeals, 1933), 112 N.J. Eq. 344; 164 Atl. Rep. 579;Chelsea-Wheeler Coal Co. v. Marvin (Court of Chancery,1942), 131 N.J. Eq. 76; 24 Atl. Rep. 2d 403; reversed on other grounds (Court of Errors and Appeals, 1944), 132 N.J. Eq. 462; 28 Atl. Rep. 2d 505; Idem., 134 N.J. Eq. 432;35 Atl. Rep. 2d 874; Cohen v. Cohen (Supreme Court,1941), 126 N.J.L. 605; 20 Atl. Rep. 2d 594;145 A.L.R. 1374; 2 Bogert Trusts and Trustees, § 240; John Hancock, c., v.Helvering (U.S.C. of A.D.C., 1942), 128 Fed. Rep. 2d745; Land: "Life Insurance Opinion Settlements, Trust or Debts"
(1942), 42 Co. L. Rev. 32; Mutual Benefit Life Insurance Co.
v. Ellis (U.S.C.C.A. 2, 1942), 125 Fed. Rep. 2d 127;138 A.L.R. 1478.
Notwithstanding the debtor and creditor relationship, complainants contend that the insurance companies should now pay federal and state taxes, even though at this time, under the insurance contracts, the companies are not liable for such payments and even though under the contracts of insurance the companies only agreed to pay stipulated sums at certain times to the beneficiaries named in the policies. Complainants' reasoning is that the insurance companies, as recipients of the proceeds of the policies, are "beneficiaries," as contemplated *Page 345 
by the statute. I find no supporting cases in New Jersey nor does counsel supply any. However, reliance is placed on In re Scott'sEstate (February, 1936, N.Y. Surrogate's Court),158 N.Y. Misc. 481; 286 N.Y. Supp. 138; affirmed, sub nom. In re Scott'sWill (January, 1937), 249 App. Div. 542; 293 N.Y. Supp. 126;
affirmed without opinion by the New York Court of Appeals (May,1937), 274 N.Y. 538; cert. den., sub nom. Northwestern MutualLife Insurance Co. v. Central Hanover Bank and Trust Co.
(October 11th, 1937), 58 Sup. Ct. Rep. 41. The Scott Case
involved a proceeding brought before the surrogate of New York County under section 124 of the New York Decedent Estate Law, which provides in part as follows:
"In all cases in which any property required to be included in the gross estate does not come in the possession of the executor as such, he shall be entitled, and it shall be his duty, to recover from whomever is in possession, or from the persons interested in the estate, the proportionate amount of such tax payable by the persons interested in the estate with which such persons interested in the estate are chargeable * * * and the surrogate may by order direct the payment of such amount of tax by such persons to the executor."
The executor, a New York Trust Company, had paid the New York and federal taxes out of the general assets. These taxes were paid upon a valuation which included life insurance policies. The proceeds of all policies were payable under supplemental agreements to named beneficiaries. The executor obtained from the surrogate in a proceeding to which the insurance companies and all the beneficiaries were parties, an order directing the insurance companies to reimburse it for pro rata portions of the taxes so paid, based upon the ratio of taxable life insurance to the taxable estate of the decedent. The judgment of the surrogate was appealed to the Appellate Division, and sustained, but two judges dissented, joining in a strong minority opinion. In the Court of Appeals, no opinion was written, and two judges likewise dissented.
By the terms of the statute under which the Scott Case was brought, reimbursement of the tax could only be had by the executor "from whomever is in possession, or from persons interested in the estate." In the opinion of the *Page 346 
surrogate, the right of the executor to reimbursement was based upon the argument that the power of the government to tax insurance funds and to collect such tax could not be limited or impaired by the provisions of an insurance policy; but "parties cannot by form of contract undertake to defeat the power of the state to tax transfers and to impose death duties. Contracts effective at death and creating or transferring property rights at death must be deemed to have written into them a term which preserves the state's tax right."
The opinion notes that the executor has paid the tax out of the estate funds, and concludes that "he has by operation of the statute a right of subrogation to the position of the sovereign whose claim he has paid and consequently he has in this instance the right to enforce against the insurance companies the same claims which the sovereign might have enforced had the tax not been paid."
The decree specifically directed the insurance companies to deduct the amount of taxes required to be paid to the executor "out of corpus of the proceeds of said policies," and further directed the beneficiaries to return to the companies their evidence of rights under the policies for endorsement or for cancellation and reissue, "readjusted so as to deduct from thecorpus of the benefits accruing to said respective beneficiaries under said certificates and said policies the amounts shown in said accounts and in this decree as federal and New York estate taxes apportioned against the respective interests of those beneficiaries and paid by the company to the Executor, such deduction to be made from the funds representing the proceeds of said policies in each case."
In the Appellate Division the reasoning of the surrogate was not sustained; the basis of the decision by the upper court was that "upon the death of the insured there is a transfer to the insurance company of property — the proceeds of the policy — and while this transfer may be simply a matter of bookkeeping, involving no segregation of specific funds, there is a sufficient change to justify the application of the statute."
The court concluded that the insurance company was in *Page 347 
possession of the property transmitted at death, and therefore was within the statute. The dissenting opinion argued that the insurance company was not, in the words of the statute, either in possession of estate property or a person interested in the estate. The point was urged that the result of requiring payment of the tax by the company was to accelerate its contractual obligations, and that such result was unconstitutional. This contention was expressly denied in the majority opinion without any reason given. This was also the basis for the application forcertiorari to the federal Supreme Court.
In the Scott Case, as above noted, the New York courts construed the New York statute, which allocated the payment of the federal tax on insurance policies to those "in possession" or those "interested" in the estate. We have no such statute in New Jersey, and in the absence of legislation this court, under the circumstances of the case sub judice, it seems to me, is without authority to make an apportionment, and in addition to this, we are not here dealing with the questions raised in theScott Case under the New York statute. The controlling statute is that contained in 26 U.S.C.A. 826 (c), as heretofore quoted, which provides that the executor may seek reimbursement from "beneficiaries."
That the insurance companies are not beneficiaries as mentioned in 826 (c) seems obvious and this finding is well supported by the opinion in John Hancock Mutual Life Insurance Co. v.Helvering, supra, as well as the reasoning in the dissenting opinion in the Scott Case. In the Hancock Case the court carefully reviewed the various sections of the federal statutes respecting the collection of federal estate tax and came to the conclusion that under section 315 (b), Act of 1926, as amended by 26 U.S.C.A., § 827 (b), the insurance company was neither a beneficiary or transferee and that it was not liable to the payment of the federal inheritance tax. The language ofsection 315 (b) of the Act of 1926 is as follows:
"(1) except in the case of a bona fide sale for an adequate * * * consideration * * *, the decedent makes a transfer, by trust or *Page 348 
otherwise, of any property * * * intended to take effect in possession or enjoyment at or after his death, * * * or (2) if insurance passes under a contract executed by the decedent in favor of a specific beneficiary, and if in either case the tax in respect thereto is not paid when due, then the transferee, trustee, or beneficiary shall be personally liable for such tax, and such property, to the extent of the decedent's interest therein at the time of such transfer, or to the extent of such beneficiary's interest under such contract of insurance, shall be subject to a like lien equal to the amount of such tax * * *."Section 26 U.S.C.A. 827 (b).
The conclusion of the court in the above case was expressed in the following language (at p. 748):
"That Congress intended the beneficiary to be liable but not the insurance company is further illustrated, we believe, by section 314 (826 (c)). This section establishes liability where the executor, contrary to the case here, pays the tax; `* * * the executor shall be entitled to recover from such beneficiary such portion of the total tax paid as the proceeds, in excess of $40,000, of such policies bear to the net estate. If there is more than one such beneficiary the executor shall be entitled to recover from such beneficiaries in the same ratio.' The statute has no similar provision allowing the executor to recover from an insurance company. Likewise, the statute has no complementary provision that where an insurance company pays the tax it may proceed against the beneficiary." See 26 U.S.C.A., § 826 (c) and 827 (b).
The death of Mr. Dannenbaum changed the relationship of insured and insurer as it theretofore existed between the insurance companies and decedent. On the death of Mr. Dannenbaum the insurance companies became liable to the payment of the moneys as provided in the aforesaid settlement agreements in the amounts and at the times also therein specified. The recipients of these payments became the beneficiaries of these moneys which the insurance companies had contracted to pay and the insurance companies were in nowise benefited by the proceeds of the policies on the death of Mr. Dannenbaum. Their assets were in nowise augmented at the time of his death. They became liable to pay out of their general assets that which they had contracted with decedent to pay. Under the federal statutes, therefore, the recipients *Page 349 
of these payments became the beneficiaries of the funds stipulated to be paid.
There is no New Jersey statute permitting the recovery by the executors from the insurance companies of any portion of the federal estate tax paid by the executors, and in the absence thereof, no jurisdiction in this court to decree reimbursement by the insurance companies.
My conclusion is that complainant is not entitled to a decree requiring the defendant insurance companies or any of them to reimburse complainant for the amount paid by her in satisfaction of either federal estate tax or New Jersey estate tax. *Page 350