The petition to rehear, filed in this cause by the defendant, Rossie Mae Barnes, was referred to us, under Rule 44 of the Court.
Ordinarily the members of this Court do not assign any reasons for denying a petition to rehear, but in order to show that, contrary to the allegations of the petition, the Court understood and properly passed upon the essential question presented on the appeal, we deem it not improper to insert this memorandum in the record.
It must be borne in mind that the case was submitted on an agreed statement of facts.
The petitioner is correct in assuming that the opinion of the Court was not intended to affect Taylor v. Smith, 116 N.C. 531, and Jones v.Waldroup, 217 N.C. 178, in so far as applicable to the facts of the present record.
The opinion in Taylor v. Smith, supra, is very clear as to the authority of joint tenants to make a bilateral contract to the effect that upon the death of one of the contracting parties, the property involved shall belong to the survivor or survivors. On the second issue, as to the gift of the one-half interest in the note, the opinion is not so clear and decisive. It merely holds that such a gift is not inconsistent with the original contract and if the issue should be set aside the judgment is still valid and must be upheld because of the finding on the first issue. Even so, the donor had delivered the note to the donee at the time the gift inter vivos
was alleged to have been made.
In Waldroup's case, supra, the evidence tended to show that all the stock was purchased by Dr. Waldroup with his wife's money. That *Page 780 
evidence was sufficient to sustain the verdict to the effect that his estate was not entitled to the stock. Harris v. Harris, 178 N.C. 7. Moreover, Dr. Waldroup, prior to his death delivered to his wife all the stock certificates involved, together with an assignment of certain shares which had not been transferred, and they were in her possession at the time of his death. Very likely the jury answered the issues in Waldroup's case,supra as it did because of the evidence to the effect that the wife's money was used to purchase the stock.
The factual situation is very different in this case. It is admitted that the deceased paid for all the shares of stock in question with his own funds and kept the stock certificates in his possession. He received all the dividends on the stock by getting Miss Barnes to endorse the dividend checks and thereby turn over to him the entire income therefrom. The receipt of all the dividends, however, is merely incidental and had no material bearing on the decision in this case.
In the case before us, there is no claim to ownership under a bilateral agreement, but only by gift inter vivos. Certainly there is no sound legal basis for holding that the cases of Taylor v. Smith, supra, and Jones v.Waldroup, supra, are authority for sustaining the judgment of the court below on the ground that there was a valid gift inter vivos.
A gift inter vivos is one by which the donee becomes in the lifetime of the donor the absolute owner of the thing given. Black's Law Dictionary, p. 843. A gift inter vivos is not only one that must take effect during the lifetime of the donor, but it must be irrevocable and fully executed by complete and unconditional delivery. 28 C.J., 623.
The petitioner places great stress on donative intent and cites numerous authorities in support of her contentions. And it is argued that there is no room for an inference to be drawn from the stipulated facts which is inconsistent with a completed gift, and that it is the duty of the Court as a matter of law to declare that there was donative intent and delivery, and that the gift of the right of survivorship in the stock was complete. If, however, conflicting inferences are deducible from the stipulated facts, it is further contended, the decision herein should be altered to the extent of remanding the case to the lower court for these inferences to be established by further stipulation or by jury trial.
A joint tenancy in stock with a provision for survival of ownership, where the donor retains custody of the stock, nothing else appearing, in our opinion, does not meet the definition of a gift inter vivos. The possession of a joint tenant is not that exclusive, absolute, and unconditional possession contemplated in a gift inter vivos.
Consequently, it would serve no useful purpose to remand this case for further findings of fact in view of the stipulations in the present record. Moreover, the case was submitted on an agreed statement of facts. However, donative intent or other inferences that might be drawn *Page 781 
from further findings of fact, in our opinion, could not cure the admitted lack of absolute and unconditional delivery of the stock to the donee, in the lifetime of the donor, which is essential to the validity of a giftinter vivos.
The petitioner now takes the position that if she is not entitled to all the stock as survivor, she is not entitled to any of it. The contention is without merit on this petition. The appellants admitted in the hearing below and on appeal to this Court that the petitioner was the owner of one-half of the seventy shares of stock. The appellee did not contest or protest the admission. And the correctness of the admission was not presented for our determination, on the appeal. Hence, the Court passed only upon the question of ownership as to that portion of the stock to which title was in dispute.
In view of the stipulations and admissions set forth in the record and briefs, we think the case was correctly decided and that the petition to rehear should be denied.
This memorandum is in no way binding on this Court, but is intended to set forth the reasons why we think the petition should be denied.
Petition denied.
 *Page 1