V. COPELAND CRAIG, EXECUTRIX UNDER THE WILL OF DAVID J. CRAIG, AND V. COPELAND CRAIG, INDIVIDUALLY. v. DAVID J. CRAIG, JR., J. THOMAS CRAIG, FRANCES CRAIG CHERRY, AND JAMES C. CRAIG.

(Filed 29 November, 1950.)

**Executors and Administrators § 15k—**

> In the absence of testamentary provision to the contrary, the Federal Estate Tax is chargeable to the residuary estate and not against the specific legacies or devisees.

JOHNSON, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Patton, Special Judge,* October Term, 1950; of MECKLENBURG. Affirmed.

*F. Grainger Pierce for plaintiffs, appellees.*
*David J. Craig, Jr., for defendants, appellants.*

PER CURIAM. Defendants appealed from the ruling of the court below on facts agreed that the Federal Estate tax paid by the executrix of David J. Craig was chargeable to the residuary estate, and that the executrix had no right to reimbursement from the beneficiaries under the will for their proportionate part of the tax so paid.

This ruling is supported by the holding of this Court in *Buffaloe v. Barnes*, 226 N.C. 313, 38 S.E. 2d 222, and is in accord with the weight of authority in other jurisdictions. 28 A.J. 136; 142 A.L.R. 1137. No contrary testamentary provision appears in the will. In *Y.M.C.A. v. Davis*, 264 U.S. 47, it was said: "What was being imposed here (by Congress) was an excise upon the transfer of an estate upon death of the owner. It was not a tax upon succession and receipt of benefits under the law or the will. It was death duties as distinguished from a legacy or succession tax. What this law taxes is not the interest to which the legatees and devisees succeeded on death, but the interest which ceased by reason of the death."

Judgment affirmed.

JOHNSON, J., took no part in the consideration or decision of this case.