FRANCES W. PARK, EXECUTRIX OF FRANK MORING WILLIAMS v. FRANCES P. CARROLL (NEE FRANCES M. PARK), THOMAS M. PARK, JR., MARGARET P. LUCAS, SUSANNE P. WHITLEY, ELIZABETH B. WARREN, EVELYN S. CROWDER, CAROLYN C. BARBOUR, HELEN C. GLASCOCK, SARA C. SPURLIN, MACON C. MOORE, FRANCES C. JONES

No. 7310SC73

(Filed 25 April 1973)

1. Wills §§ 58, 72— specific devise — federal estate taxes — charge against residuary bequests

　　An item devising "all real estate which remains at my death, which was willed to me by my wife . . . and which was formerly in T. B. Crowder Estate" is a specific devise, not a residuary devise, although it is the last disposing clause in the will; and where the testator failed to provide what portion of the estate should bear the burden of federal estate taxes, such taxes should be charged to residuary bequests in another item of the will.

2. **Executors and Administrators § 28; Wills § 72—debts of estate — order of abatement of bequests and devises**

Where the testator fails to express in his will any direction as to the payment of the debts of the estate (including federal estate taxes), legacies abate in the following order: (1) residuary, (2) general, (3) specific and demonstrative, ratably; after the personalty has been exhausted, the same order applies to the testator's realty.

3. **Wills § 72— equitable contribution — federal estate taxes — residuary legacies and specific devises**

The doctrine of equitable contribution does not apply to require the apportionment of federal estate taxes between residuary legacies and specific devises.

APPEAL by defendants from *Bone, Emergency Judge,* 31 July 1972 Civil Session of WAKE Superior Court.

Plaintiff executrix instituted this action for declaratory judgment seeking to obtain instructions from the court with respect to the interpretation of decedent's will and the resulting liability of decedent's assets for payment of federal estate taxes.

Frank Moring Williams died 5 May 1971, leaving a last will and testament which was duly probated and recorded. His will reads as follows:

"LAST WILL OF FRANK MORING WILLIAMS, Aug. 28, 1970

1. At my death and after paying all debts, a fund of $6,000 shall be set aside for funeral expenses and for a tombstone or stone to be erected at the grave of my deceased wife, Margaret Crowder Williams, and myself. My sister, Frances Williams Park, has instructions as to the burial and stones. This $6,000 to be set aside before any distribution of funds. This amount can be increased if necessary.

2. Any notes or debts owed me by my sister, Frances, are cancelled at my death.

3. My remaining property is hereby willed as follows:

(a) To my sister, Frances Williams Park, $5000 and my ½ interest in the home place property at 1405 Hillsboro Street, Raleigh, N. C.

(b) To my niece, Frances Moring Park, $10,000 and all my personal effects which consist of furniture, silver, clothing, china and glassware, and my automobile, except

Park v. Carroll

for furniture now in the hands of my sister-in-law, Evelyn Sean Crowder, which is hereby willed to her.

3 (c) To my secretary, Mrs. Elizabeth B. Warren, the sum of $2500.

(d)    To my nieces and nephew, Frances Moring Park, Margaret Park Lucas, Susanne Park Whitley, and Thomas M. Park, Jr., all of my remaining property (except as shown under paragraph 4) including money, bank accounts, and stocks and bonds, to be divided equally between the four.

4. All real estate which remains at my death, which was willed to me by my wife, Margaret Crowder Williams (deceased) and which was formerly in T. B. Crowder Estate, to be divided ½ to the children of Raymond and Evelyn Crowder and ½ to the children of Ralph and Frances Crowder, the distribution to be equal between the children; that is the children of Raymond and Evelyn Crowder to get ¼ each of the total and the children of Ralph and Frances Crowder to get 1/6 each of the total. This paragraph does not affect in any way the property of the T. B. Crowder Estate which was sold before my death.

5. It is my wish that my sister, Frances Williams Park act as administrator of the Estate (if living). If not living then Will (illegible), C.P.A. of Raleigh, N. C. Administrator to serve without bond. Signed this 28th day of August, 1970.

FRANK MORING WILLIAMS."

The estate of Frank Moring Williams was valued at his death for federal estate tax purposes at $246,869.99. Decedent's realty was valued at $148,863.28 with the Crowder estate's value comprising $129,058.28 of that total. Decedent's personalty was valued at $98,006.71 including stocks and bonds in the amount of $39,771.44, bank deposits and cash in the amount of $56,355.27, and miscellaneous personalty valued at $1,880. Appellants state in their brief that the estate tax return filed by the executrix showed an estate tax liability of $39,604.54.

It was stipulated by the parties that defendants Carolyn C. Barbour, Helen C. Glascock, Sara C. Spurlin, Macon C. Moore and Frances C. Jones who are referred to in item 4 of the will

were related by blood to deceased's wife, but are not related to the deceased by blood. It was further stipulated that defendants Frances P. Carroll (Nee Frances M. Park), Thomas N. Park, Jr., Margaret P. Lucas and Susanne P. Whitley, who are referred to in item 3(d) of the will were related to deceased by blood, being either a niece or nephew.

After pleading and stipulations were duly filed in the trial court and it was found as a fact by the trial judge that the will did not specify what portion of the estate shall be liable for payment of federal estate taxes, the following conclusions of law were then entered: (1) that item 3(d) of the will is a residuary or general bequest; (2) that item 4 of said will is a specific devise of real property; and (3) that the federal estate tax is payable first from the residuary or general estate insofar as the assets permit.

From a judgment ordering the executrix to charge the assets passing under item 3(d) of the will with payment of all federal estate tax due and owing from said estate, the legatees under item 3(d), Frances P. Carroll (Nee Frances M. Park), Margart P. Lucas, Susanne P. Whitley, and Thomas M. Park, Jr., appealed.

*Everett, Everett and Creech, by Robinson O. Everett and William A. Creech, for defendant appellants.*

*Hatch, Little, Bunn, Jones and Few, by James C. Little and Harold W. Berry, Jr., for defendant appellees.*

MORRIS, Judge.

[1] Appellants assign as error the trial court's ruling that the devise of real property under item 4 of the will is a specific one. They contend that item 4 is a residuary devise of realty and that the devisees taking thereunder should pay a pro rata share of federal estate taxes. We do not agree.

Appellants predicate their argument on the fact that the testator used the language—"[a]ll real estate which *remains* at my death" (emphasis added), and the fact that item 4 is the last disposing clause in the will thereby occupying the "natural position" for a residuary devise.

In *Morisey v. Brown*, 144 N.C. 154, 56 S.E. 704 (1907), a devise of "the *residue* of my lands in Sampson County" (em-

phasis added) was held to be specific. The Court noted that had the word "residue" stood alone, the devise would have been residuary but the words "in Sampson County" made the devise specific to lands located there. While the testator used the language "[a]ll real estate which remains at my death" in the case at hand, he specified that it was the property "willed to me by my wife," and further specified that it was land "which was formerly in T. B. Crowder Estate."

Appellants concede in their brief that the only realty of which the testator was seized at the time of his death in addition to the one-half interest in the homeplace specifically devised in item 3(a) was the realty inherited from his wife and collectively known as the T. B. Crowder Estate. With the exception of a metes and bounds description, decedent couldn't have been more specific than he was under item 4 of the will.

The fact that item 4 occupies the position of being the last disposing clause in the will does not indicate in this case that it is a residuary devise. Realty passing under item 4 was specifically exempted in item 3(d) of the will. If the testator had acquired any realty after the execution of his will, clearly it would have passed under the residuary clause in item 3(d)— "all of my remaining property," which at the time of testator's death was composed solely of personalty.

If land is identified in the will with sufficient accuracy so that it can be distinguished from other realty owned by the testator, the devise is specific. 6 Bowe-Parker: Page on Wills § 48.9. Clearly the realty passing under item 4 was identified with sufficient accuracy and we hold that the trial judge was correct in ruling the devise to be specific.

[2] In North Carolina where the testator fails to express in his will any direction as to the payment of the debts of the estate (including federal estate taxes), legacies abate in the following order: (1) residuary, (2) general, (3) specific and demonstrative, ratably and, after the personalty has been exhausted, the same order applies to the testator's realty. 1 Wiggins, Wills and Administration of Estates in North Carolina, § 141. Leath, "Lapse, Abatement, and Ademption," 39 N.C.L. Rev. 313 (1961).

Assuming *arguendo,* that the trial court had held the testator's devise under item 4 to be residuary, the personalty pass-

ing under item 3(d) would be resorted to first and would not abate ratably with a residuary devise of realty.

> "It is well settled that unless it clearly appears from the will that it is the intention of the testator to charge the payment of debts upon his real estate, the law will not do so. The personalty must be applied to the payment of debts and exhausted before the realty can be subjected." *University v. Borden,* 132 N.C. 477, 489, 44 S.E. 47 (1903).

This still seems to be the rule in North Carolina in light of G.S. 28-81 which provides for the sale of realty without first exhausting the personal property of decedent only when it is alleged and shown that the personalty will be insufficient to pay the debts of his estate. In North Carolina decisions specifically dealing with the issue, the Court has held that in the absence of a contrary testamentary provision, federal estate taxes are chargeable to the residuary estate and not against specific legacies or devises. *Adams v. Adams,* 261 N.C. 342, 134 S.E. 2d 633 (1964), *Craig v. Craig,* 232 N.C. 729, 62 S.E. 2d 336 (1950), *Buffaloe v. Barnes,* 226 N.C. 313, 38 S.E. 2d 222 (1946), reh. denied, 226 N.C. 778, 39 S.E. 2d 599 (1946).

Appellants submit that even though the will is silent as to what portion of the estate should bear the burden of federal estate taxes, the testator's intent as to the payment of those taxes may be gleaned from the four corners of his will and from the "circumstances attendant" at the time of its execution. They argue that their uncle by blood would not wish them, the natural objects of his bounty individually named in the will, to bear the sole financial liability for the estate taxes while the Crowder devisees, related to testator only by affinity, pay nothing.

We note that testator's will was holographic. At the time of its execution, testator probably never contemplated the problem of the payment of federal estate taxes by his estate. Appellant's argument is speculative at best and as stated above, "unless it clearly appears from the will that it is the intention of the testator to charge the payment of debts upon his real estate, the law will not do so." *University v. Borden, supra,* p. 489.

[3] Finally appellants contend that the doctrine of equitable contribution should be applied to the case at hand to produce a

pro rata contribution of estate taxes regardless of whether this Court holds that the devise under item 4 is specific or residuary. In *Nebel v. Nebel,* 223 N.C. 676, 28 S.E. 2d 207 (1943), the doctrine was applied to a situation where three donees had had assessed against them a large federal gift tax liability, each donee being liable for the whole amount. While a hearing for the redetermination of the deficiency was pending, one of the donees secured an adjustment at a lesser sum and paid the whole amount of the adjustment after notice to the other two donees, who had previously failed to appear and make defenses. The Court held that the donee so paying the entire assessment is entitled to contribution from the other two.

> "[O]ne who is compelled to pay or satisfy the whole or to bear more than his just share of a common burden or obligation, upon which several persons are equally liable or which they are bound to discharge, is entitled to contribution against the others to obtain from them their payment of their respective shares." *Nebel, supra,* pp. 684-685.

No North Carolina decisions have applied the doctrine to the apportionment of federal estate taxes. Moreover, in *Nebel,* each donee was clearly liable for the whole amount of the tax while in the case at hand, the principles of abatement stated above determines the liability of the respective legacies and devises.

One writer has recommended that North Carolina should give serious consideration to the adoption of a statutory order of abatement that would abolish the preference now given to real property, because land no longer constitutes the chief form of wealth and the average estate today is more likely to be concentrated in stocks, bonds, and proceeds of insurance. Wiggins, *supra,* § 141. However, such a change would not affect the decision in this case, since we affirm the trial judge's conclusion that the devise under item 4 of the will is specific and that the residuary bequest in item 3(d) should bear the burden of federal estate taxes.

Affirmed.

Judges CAMPBELL and PARKER concur.