FIRST NATIONAL BANK OF SHELBY, ADMINISTRATOR C.T.A. D.B.N. OF CHARLES E. DIXON ESTATE v. JANE GREENE DIXON, CONSTANCE DIXON BELL, JOYCE DIXON LEE, COLEAN DIXON McDANIEL, BENEFICIARIES NAMED IN THE WILL OF CHARLES E. DIXON, AND AMY JANE DIXON AND CHARLES E. DIXON, JR., MINORS AND AFTERBORN CHILDREN

No. 7727SC1071

(Filed 7 November 1978)

**Executors and Administrators § 30; Taxation § 27— inclusion of life insurance proceeds in estate—estate and inheritance taxes—contribution by policy beneficiary**

Where a decedent who purchased a policy of life insurance retained sufficient incidents of ownership therein to require the inclusion of the policy's pro-

ceeds in decedent's gross estate for federal estate taxes under 26 U.S.C.A. § 2042 and for N.C. inheritance taxes under G.S. 105-13, the personal representative of the estate is entitled to contribution from the policy beneficiary for her ratable share of the federal estate tax and N.C. inheritance tax imposed upon decedent's estate by reason of the inclusion of the life insurance proceeds (less marital deductions and any other applicable exemptions) in decedent's estate.

APPEAL by plaintiff from *Thornburg, Judge.* Judgment entered 29 November 1977 in Superior Court, CLEVELAND County. Heard in the Court of Appeals 27 September 1978.

Plaintiff bank, in its capacity as administrator c.t.a. d.b.n. for the estate of Charles E. Dixon, brought this action for declaratory judgment upon certain questions of liability for federal estate taxes and North Carolina inheritance taxes. Charles E. Dixon died testate 24 November 1974. He was survived by his wife, his mother, and two daughters from a prior marriage. These persons, excepting his wife Jane Greene Dixon, were objects of specific devises and bequests in decedent's will. He was also survived by two minor children of his second marriage. These minor children were born after the will was executed and were not mentioned in decedent's will and so take as if by intestacy as afterborn heirs.

The residual estate of Charles E. Dixon, after the exception of the specific devises and bequests, was left to decedent's wife, Jane Greene Dixon. Decedent's wife was also the named beneficiary of two policies of life insurance purchased by decedent and having proceeds of a total value of $160,000.

The proceeds of these insurance policies were included in the gross estate of decedent for purposes of both federal and North Carolina taxation, as it had been determined that the decedent had retained sufficient incidents of ownership in the policies (evidenced by retention of the power to change the beneficiaries of the policies or a reversionary interest in the policies determined by actuarial means to be in excess of 5%) to require such inclusion under 26 U.S.C.A. § 2042 (I.R.C. 1954 § 2042) and N.C. G.S. § 105-13(2). Accordingly, the proceeds of the insurance policies (after adjustments for the applicable marital deductions and other exemptions) were responsible for the incurring of both federal estate and North Carolina inheritance taxes. The personalty in the estate is not sufficient to pay all of the taxes assessed

by reason of the insurance proceeds and the intestate share of the minor afterborn heirs would be substantially reduced if the tax burden were to fall solely on the residue of the estate. The decedent did not in his will indicate whether taxes were to be paid from any special fund; nor did decedent make any testamentary reference to the life insurance proceeds. The declaratory judgment proceeding was brought to determine whether Jane Greene Dixon was liable to the estate for any contribution for the taxes incurred by the insurance proceeds, and to determine the order in which the specific devises of realty would be abated to satisfy the taxes imposed. After a hearing before Judge Thornburg and after a determination among the various parties that the insurance proceeds were includable in the decedent's gross estate for tax purposes, Judge Thornburg found that the administrator was not entitled to contribution from Jane Greene Dixon for any of the tax imposed by reason of the insurance proceeds. An order to this effect was entered 29 November 1977, from which plaintiff appeals.

*N. Dixon Lackey, Jr., for the plaintiff.*

*John D. Church, Guardian Ad Litem for Amy Jane Dixon and Charles E. Dixon, Jr., and C. Eugene McCartha, for Jane Greene Dixon, defendants.*

MARTIN (Robert M.), Judge.

The question before us is: to what extent is the beneficiary of a life insurance policy liable for estate and inheritance taxes where the decedent who purchased the policy retained sufficient incidents of ownership therein to require the inclusion of the policy's proceeds in the decedent's gross estate for purposes of taxation? Plaintiff bank, as administrator for decedent's estate, contends that Jane Greene Dixon, as beneficiary of the life insurance policies in question, should pay the ratable portion of the taxes assessed against the estate by reason of the inclusion of the proceeds of these policies in the value of decedent's gross estate. Defendant Jane Greene Dixon contends that because of the provisions of the North Carolina Constitution, Article X, § 5 (prior to amendment of November 1977), and also because of N.C. G.S. § 58-213, N.C. G.S. § 58-206, and prior North Carolina case law, that she should not be liable for any tax on the insurance proceeds.

The afterborn minors, by their guardian *ad litem*, did not perfect or file a cross-appeal. However, because of the result we are compelled in law to reach, the interests of the afterborn minors will not be prejudiced. We do not agree with any of the contentions of the defendant Jane Greene Dixon and accordingly reverse the order of the trial court.

In answering the question before us, we first must determine whether the federal estate tax imposed by reason of life insurance proceeds being included in the gross estate is a debt of the estate as are the taxes imposed on the probate assets in the hands of the personal representative. Under most circumstances, the federal estate tax is a debt of the estate, and it has been left to the states to determine how that tax burden would be apportioned among recipients of property from the estate. *Riggs v. Del Drago*, 317 U.S. 95, 63 S.Ct. 109, 87 L.Ed. 106, 142 A.L.R. 1131 (1942), *Matter of Zahn*, 300 N.Y. 1, 87 N.E. 2d 558 (1949).

In North Carolina, as in most jurisdictions, absent a specific testamentary instruction to the contrary or a controlling apportionment statute, the ultimate burden of federal estate taxes levied on probate assets falls on the residuary estate. *Buffaloe v. Barnes*, 226 N.C. 313, 38 S.E. 2d 222 (1946); *Cornwell v. Huffman*, 258 N.C. 363, 128 S.E. 2d 798 (1962). However, in two areas federal legislation has superseded state apportionment practices in regard to federal estate tax: where life insurance proceeds are paid to beneficiaries other than the decedent's estate where the decedent possessed specified incidents of ownership in the policies, and also where property passes under a power of appointment where the nature of the power of appointment held by the decedent rendered the assets appointed includable in the decedent's gross estate. The common thread running between these two exceptions to the general rule (contained in 26 U.S.C.A. §§ 2206 and 2207 (I.R.C. 1954 §§ 2206 and 2207)) is that they govern assets which are includable for tax purposes in the decedent's estate, but are passing outside the hands of the estate's personal representative and without the supervisory jurisdiction of the probate court. *See*, Scoles, *Apportionment of Federal Estate Taxes and Conflict of Laws*, 55 Col. L.Rev. 261, 287-288 (1955). See also, generally, Mertens, *Law of Federal Gift and Estate Taxation*, §§ 43.14-43.16; §§ 44.07-44.11.

Section 2002 of the Internal Revenue Code (26 U.S.C.A. § 2002) makes the personal representative of an estate (defined in 26 U.S.C.A. § 2203) primarily liable for the federal estate tax. Because life insurance proceeds do not usually pass through the hands of the personal representative, even though the value of such proceeds may be includable in the taxable estate, a means was provided by Congress for the personal representative to obtain ratable contribution from beneficiaries of life insurance policies under appropriate circumstances. 26 U.S.C.A. § 2206 (§ 2206 I.R.C. 1954, as amended) gives the personal representative of an estate the right to recover from beneficiaries the proportionate share of tax imposed on the estate where the proceeds were included in the estate by reason of retention of incidents of ownership in the policy by its purchaser. We do not find that this provision conflicts with North Carolina principles governing payment of estate taxes from the residue of the estate; however, to the extent that a conflict did exist, the federal statute would control. *See, e.g., Riggs v. Del Drago, supra.*

Although there have been no cases in North Carolina dealing with apportionment of federal estate tax liability under 26 U.S.C.A. 2206 (I.R.C. 1954 § 2206), there is an excellent discussion of the applicability of its parallel provision (26 U.S.C.A. § 2207 (I.R.C. 1954 § 2207)) in *Bank v. Wells*, 267 N.C. 276, 148 S.E. 2d 119 (1966). This case held that a recipient of property under the exercise of a general testamentary power of appointment was liable to the estate for the share of federal estate tax incurred by the inclusion of such property in the taxable estate, in proportion to the ratio such recipient's share bore to the entire taxable estate. Finding that this result was required by 26 U.S.C.A. § 2207, the Court quoted the same portion of *Riggs v. Del Drago, supra*, upon which we rely:

> . . . these sections deal with property which does not pass through the executor's hands and the Congressional direction with regard to such property is wholly compatible with the intent to leave the determination of the burden of the estate tax to state law as to properties actually handled as part of the estate by the executor. *Riggs v. Del Drago, supra* as quoted in *Bank v. Wells*, 267 N.C. 276, 284, 148 S.E. 2d 119, 124 (1966).

We find no state court contending the contrary where the question has been raised. *Marks v. Equitable Life Assurance Society of United States*, 135 N.J. Eq. 339, 38 A. 2d 833 (1944); *Priedeman v. Jamison et al*, 356 Mo. 627, 202 S.W. 2d 900, 36 AFTR 1624, 47-1 USTC ¶ 10,563 (1947); *In re Singer's Estate*, 363 N.Y.S. 2d 746, 80 Misc. 2d 1006, 75-1 USTC ¶ 13,050 (1975). *C.f., Kintzinger v. Millin*, 254 Iowa 173, 117 N.W. 2d 68 (1962). Accordingly, we find that plaintiff bank may recover from defendant Jane Greene Dixon that proportionate share of federal estate tax incurred by reason of the inclusion of the proceeds (less appropriate deductions) of the two policies of life insurance purchased by the decedent in his gross estate, as provided by 26 U.S.C.A. § 2206 (§ 2206 1954 I.R.C.) and the regulations thereunder. To whatever extent, if any, that our holding in the case before us may conflict with *Craig v. Craig*, 232 N.C. 729, 62 S.E. 2d 336 (1950), as interpreted in *Cornwell v. Huffman*, 258 N.C. 363, 369, 128 S.E. 2d 798, 802 (1972), we disregard Craig as improvident and inconsistent with the controlling federal statute and with the better weight of authority and reasoning found in *Bank v. Wells, supra*. The authority on the point, although not cited to us by counsel in briefs or at argument, is abundant and persuasive.

A different problem is posed by the question of apportionment of North Carolina inheritance taxes. An *inheritance* tax differs from an *estate* tax, as was noted by the Missouri court in *Priedeman v. Jamison, supra*:

> . . . The inheritance tax of Missouri is a tax on the privilege of receiving or taking property rather than on the transfer of property at death. The incidence of the tax falls upon the recipient of the property. [Citations omitted.] . . .

> . . . An estate tax, however, is not a tax on what comes to the legatee or heir, but upon what is left by the decedent. The estate tax comes into existence before and is independent of the receipt of the property by the legatee or distributee. Id. at 631-632, 202 S.W. 2d at 903.

The North Carolina inheritance tax is similar to the Missouri inheritance tax in that they both are taxes upon the *receipt* rather than the *transfer* of a decedent's property. N.C. G.S. § 105-31 provides that all inheritance taxes must be paid upon all taxable transfers in order to discharge the lien on all property of the

estate. G.S. § 105-15 makes individual beneficiaries of the estate (devisees, legatees, etc.) primarily liable for the tax imposed on such taxable transfers. Although no North Carolina statute or case deals precisely with the question before us, we are constrained by equity and the example of our federal and sister state governments to hold that where proceeds of a life insurance policy are includable in a decedent's taxable estate by reason of G.S. § 105-13, a lien for taxes arises against the beneficiary of such insurance policy, and that the beneficiary is primarily liable for the taxes so incurred as provided by G.S. § 105-15. Therefore, the personal representative of an estate may proceed against the beneficiary of such insurance policy, or may retain such assets in the estate as would otherwise pass to the beneficiary and proceed under G.S. § 105-18 to obtain the ratable share of tax incurred by the estate by reason of the includable proceeds.

The portion of the North Carolina Constitution cited to us by the defendant and in effect in 1974 at decedent's death (N.C. Const. Art. X, § 5 (1971; am. 1977)) is designed to prevent creditors of an individual from reaching insurance proceeds paid to beneficiaries in the named classes after the death of such individual. The North Carolina inheritance tax is a tax on the *receipt* of property and recipients are primarily liable for the tax imposed. A decedent's estate is not a creditor of such decedent, nor is an inheritance tax an obligation of the decedent leaving inheritable property. Therefore, this section is not applicable to the case before us and will not relieve Jane Greene Dixon of liability for North Carolina inheritance tax on the insurance proceeds.

N.C. G.S. § 58-213 provides that "[n]o policy of group insurance, nor the proceeds thereof, when paid to any employee or employees thereunder, shall be liable . . ." to attachment, execution, or other process to pay a debt or liability of the payee employee. The proceeds of the policies in the case before us, although derived from group life insurance programs, were not paid to the decedent, but to his wife. No levy or execution of these proceeds is sought to satisfy any obligation of the decedent; therefore, this statute is not applicable to this case. The estate is not a creditor of the decedent; therefore, we do not find that G.S. § 58-206 bars the personal representative of a decedent's estate from recovering from beneficiaries a ratable share of the tax incurred by reason of insurance proceeds.

The case of *Park v. Carroll*, 18 N.C. App. 53, 196 S.E. 2d 40 (1973) is cited to us by all parties, and it is contended by defendant Jane Greene Dixon that this case is conclusive upon plaintiff's claim. We do not agree. Although there is much authority for the contention that federal estate taxes are debts of the estate, such a contention is premised upon the presence, in the hands of the personal representative, of all of the assets of the estate to which the personal representative may look for satisfaction of the tax imposed and for which he is primarily liable under 26 U.S.C.A. § 2002 (§ 2002 I.R.C.). The inequity of holding the personal representative liable for taxes on non-probate assets passing beyond his reach is apparent; therefore, an exception was carved out for life insurance proceeds and property passing under a power of appointment so that the personal representative could reach these non-probate assets for satisfaction of the tax their inclusion in the gross estate might incur. We distinguish *Park v. Carroll, supra,* and the line of authority it represents, on its facts, and hold that federal estate tax liability, incurred by an estate upon inclusion for tax purposes in the gross estate of those non-probate assets dealt with in 26 U.S.C.A. §§ 2206 and 2207, is not a debt of the estate but is a lien upon such assets in the hands of the recipients or beneficiaries. For this reason we do not need to consider the question of abatement of legacies and devises for satisfaction of tax liability imposed on this estate by reason of the included life insurance proceeds.

In summary, we find that the plaintiff bank, as administrator c.t.a. d.b.n. of the estate of Charles E. Dixon, is entitled to contribution from Jane Greene Dixon for her ratable share of the federal estate tax and North Carolina inheritance tax imposed upon the decedent's estate by reason of the inclusion of the life insurance proceeds (less marital deductions and any other applicable exemptions) in the decedent's estate under 26 U.S.C.A. § 2042 (I.R.C. 1954 § 2042) and N.C.G.S. § 105-13. The personal representative has broad powers to seek such contribution, *see, e.g.* Annotation 1 A.L.R. 2d 978; and he may do so as will best fulfill his fiduciary responsibilities.

The order of Judge Thornburg is vacated and the cause is remanded for entry of an order not inconsistent with this opinion.

Judges PARKER and HEDRICK concur.