248 S.E.2d 416 (1978)
38 N.C. App. 430
FIRST NATIONAL BANK OF SHELBY, Administrator c. t. a. d. b. n. of Charles E. Dixon Estate
v.
Jane Greene DIXON, Constance Dixon Bell, Joyce Dixon Lee, Colean Dixon McDaniel, Beneficiaries named in the Will of Charles E. Dixon, and Amy Jane Dixon and Charles E. Dixon, Jr. minors and afterborn children.
No. 7727SC1071.
Court of Appeals of North Carolina.
November 7, 1978.
*417 N. Dixon Lackey, Jr., Shelby, for plaintiff.
John D. Church, Shelby, Guardian Ad Litem for Amy Jane Dixon and Charles E. Dixon, Jr., and C. Eugene McCartha, Charlotte, for Jane Greene Dixon, defendants.
*418 ROBERT M. MARTIN, Judge.
The question before us is: to what extent is the beneficiary of a life insurance policy liable for estate and inheritance taxes where the decedent who purchased the policy retained sufficient incidents of ownership therein to require the inclusion of the policy's proceeds in the decedent's gross estate for purposes of taxation? Plaintiff bank, as administrator for decedent's estate, contends that Jane Greene Dixon, as beneficiary of the life insurance policies in question, should pay the ratable portion of the taxes assessed against the estate by reason of the inclusion of the proceeds of these policies in the value of decedent's gross estate. Defendant Jane Greene Dixon contends that because of the provisions of the North Carolina Constitution, Article X, § 5 (prior to amendment of November 1977), and also because of N.C.G.S. § 58-213, N.C.G.S. § 58-206, and prior North Carolina case law, that she should not be liable for any tax on the insurance proceeds.
The afterborn minors, by their guardian ad litem, did not perfect or file a cross-appeal. However, because of the result we are compelled in law to reach, the interests of the afterborn minors will not be prejudiced. We do not agree with any of the contentions of the defendant Jane Greene Dixon and accordingly reverse the order of the trial court.
In answering the question before us, we first must determine whether the federal estate tax imposed by reason of life insurance proceeds being included in the gross estate is a debt of the estate as are the taxes imposed on the probate assets in the hands of the personal representative. Under most circumstances, the federal estate tax is a debt of the estate, and it has been left to the states to determine how that tax burden would be apportioned among recipients of property from the estate. Riggs v. Del Drago, 317 U.S. 95, 63 S.Ct. 109, 87 L.Ed. 106, 142 A.L.R. 1131 (1942), Matter of Zahn, 300 N.Y. 1, 87 N.E.2d 558 (1949).
In North Carolina, as in most jurisdictions, absent a specific testamentary instruction to the contrary or a controlling apportionment statute, the ultimate burden of federal estate taxes levied on probate assets falls on the residuary estate. Buffaloe v. Barnes, 226 N.C. 313, 38 S.E.2d 222 (1946); Cornwell v. Huffman, 258 N.C. 363, 128 S.E.2d 798 (1962). However, in two areas federal legislation has superseded state apportionment practices in regard to federal estate tax: where life insurance proceeds are paid to beneficiaries other than the decedent's estate where the decedent possessed specified incidents of ownership in the policies, and also where property passes under a power of appointment where the nature of the power of appointment held by the decedent rendered the assets appointed includable in the decedent's gross estate. The common thread running between these two exceptions to the general rule (contained in 26 U.S.C.A. §§ 2206 and 2207 (I.R.C.1954 §§ 2206 and 2207)) is that they govern assets which are includable for tax purposes in the decedent's estate, but are passing outside the hands of the estate's personal representative and without the supervisory jurisdiction of the probate court. See, Scoles, Apportionment of Federal Estate Taxes and Conflict of Laws, 55 Col.L. Rev. 261, 287-288 (1955). See also, generally, Mertens, Law of Federal Gift and Estate Taxation, §§ 43.14-43.16; §§ 44.07-44.11.
Section 2002 of the Internal Revenue Code (26 U.S.C.A. § 2002) makes the personal representative of an estate (defined in 26 U.S.C.A. § 2203) primarily liable for the federal estate tax. Because life insurance proceeds do not usually pass through the hands of the personal representative, even though the value of such proceeds may be includable in the taxable estate, a means was provided by Congress for the personal representative to obtain ratable contribution from beneficiaries of life insurance policies under appropriate circumstances. 26 U.S.C.A. § 2206 (§ 2206 I.R.C.1954, as amended) gives the personal representative of an estate the right to recover from beneficiaries the proportionate share of tax imposed on the estate where the proceeds *419 were included in the estate by reason of retention of incidents of ownership in the policy by its purchaser. We do not find that this provision conflicts with North Carolina principles governing payment of estate taxes from the residue of the estate; however, to the extent that a conflict did exist, the federal statute would control. See, e. g., Riggs v. Del Grago, supra.
Although there have been no cases in North Carolina dealing with apportionment of federal estate tax liability under 26 U.S.C.A. § 2206 (I.R.C.1954 § 2206), there is an excellent discussion of the applicability of its parallel provision (26 U.S.C.A. § 2207 (I.R.C.1954 § 2207)) in Bank v. Wells, 267 N.C. 276, 148 S.E.2d 119 (1966). This case held that a recipient of property under the exercise of a general testamentary power of appointment was liable to the estate for the share of federal estate tax incurred by the inclusion of such property in the taxable estate, in proportion to the ratio such recipient's share bore to the entire taxable estate. Finding that this result was required by 26 U.S.C.A. § 2207, the Court quoted the same portion of Riggs v. Del Drago, supra, upon which we rely:
. . . these sections deal with property which does not pass through the executor's hands and the Congressional direction with regard to such property is wholly compatible with the intent to leave the determination of the burden of the estate tax to state law as to properties actually handled as part of the estate by the executor. Riggs v. Del Drago, supra as quoted in Bank v. Wells, 267 N.C. 276, 284, 148 S.E.2d 119, 124 (1966).
We find no state court contending the contrary where the question has been raised. Marks v. Equitable Life Assurance Society of United States, 135 N.J.Eq. 339, 38 A.2d 833 (1944); Priedeman v. Jamison et al., 356 Mo. 627, 202 S.W.2d 900 (1947); In re Singer's Estate, 80 Misc.2d 1006, 363 N.Y.S.2d 746 (1975). Cf., Kintzinger v. Millin, 254 Iowa 173, 117 N.W.2d 68 (1962). Accordingly, we find that plaintiff bank may recover from defendant Jane Greene Dixon that proportionate share of federal estate tax incurred by reason of the inclusion of the proceeds (less appropriate deductions) of the two policies of life insurance purchased by the decedent in his gross estate, as provided by 26 U.S.C.A. § 2206 (§ 2206 1954 I.R.C.) and the regulations thereunder. To whatever extent, if any, that our holding in the case before us may conflict with Craig v. Craig, 232 N.C. 729, 62 S.E.2d 336 (1950), as interpreted in Cornwell v. Huffman, 258 N.C. 363, 369, 128 S.E.2d 798, 802 (1972), we disregard Craig as improvident and inconsistent with the controlling federal statute and with the better weight of authority and reasoning found in Bank v. Wells, supra. The authority on the point, although not cited to us by counsel in briefs or at argument, is abundant and persuasive.
A different problem is posed by the question of apportionment of North Carolina inheritance taxes. An inheritance tax differs from an estate tax, as was noted by the Missouri court in Priedeman v. Jamison, supra:
. . . The inheritance tax of Missouri is a tax on the privilege of receiving or taking property rather than on the transfer or transmission of property at death. The incidence of the tax falls upon the recipient of the property. [Citations omitted.] . . .
. . . An estate tax, however, is not a tax on what comes to the legatee or heir, but upon what is left by the decedent. The estate tax comes into existence before and is independent of the receipt of the property by the legatee or distributee. Id. 356 Mo. at 631-632, 202 S.W.2d at 903.
The North Carolina inheritance tax is similar to the Missouri inheritance tax in that they both are taxes upon the receipt rather than the transfer of a decedent's property. N.C.G.S. § 105-31 provides that all inheritance taxes must be paid upon all taxable transfers in order to discharge the lien on all property of the estate. G.S. § 105-15 makes individual beneficiaries of the estate (devisees, legatees, etc.) primarily liable for the tax imposed on such taxable transfers. Although no North Carolina statute or case *420 deals precisely with the question before us, we are constrained by equity and the example of our federal and sister state governments to hold that where proceeds of a life insurance policy are includable in a decedent's taxable estate by reason of G.S. § 105-13, a lien for taxes arises against the beneficiary of such insurance policy, and that the beneficiary is primarily liable for the taxes so incurred as provided by G.S. § 105-15. Therefore, the personal representative of an estate may proceed against the beneficiary of such insurance policy, or may retain such assets in the estate as would otherwise pass to the beneficiary and proceed under G.S. § 105-18 to obtain the ratable share of tax incurred by the estate by reason of the includable proceeds.
The portion of the North Carolina Constitution cited to us by the defendant and in effect in 1974 at decedent's death (N.C.Const. Art. X, § 5 (1971; am. 1977)) is designed to prevent creditors of an individual from reaching insurance proceeds paid to beneficiaries in the named classes after the death of such individual. The North Carolina inheritance tax is a tax on the receipt of property and recipients are primarily liable for the tax imposed. A decedent's estate is not a creditor of such decedent, nor is an inheritance tax an obligation of the decedent leaving inheritable property. Therefore, this section is not applicable to the case before us and will not relieve Jane Greene Dixon of liability for North Carolina inheritance tax on the insurance proceeds.
N.C.G.S. § 58-213 provides that "[n]o policy of group insurance, nor the proceeds thereof, when paid to any employee or employees thereunder, shall be liable. . ." to attachment, execution, or other process to pay a debt or liability of the payee employee. The proceeds of the policies in the case before us, although derived from group life insurance programs, were not paid to the decedent, but to his wife. No levy or execution of these proceeds is sought to satisfy any obligation of the decedent; therefore, this statute is not applicable to this case. The estate is not a creditor of the decedent; therefore, we do not find that G.S. § 58-206 bars the personal representative of a decedent's estate from recovering from beneficiaries a ratable share of the tax incurred by reason of insurance proceeds.
The case of Park v. Carroll, 18 N.C. App. 53, 196 S.E.2d 40 (1973) is cited to us by all parties, and it is contended by defendant Jane Greene Dixon that this case is conclusive upon plaintiff's claim. We do not agree. Although there is much authority for the contention that federal estate taxes are debts of the estate, such a contention is premised upon the presence, in the hands of the personal representative, of all of the assets of the estate to which the personal representative may look for satisfaction of the tax imposed and for which he is primarily liable under 26 U.S.C.A. § 2002 (§ 2002 I.R.C.). The inequity of holding the personal representative liable for taxes on non-probate assets passing beyond his reach is apparent; therefore, an exception was carved out for life insurance proceeds and property passing under a power of appointment so that the personal representative could reach these non-probate assets for satisfaction of the tax their inclusion in the gross estate might incur. We distinguish Park v. Carroll, supra, and the line of authority it represents, on its facts, and hold that federal estate tax liability, incurred by an estate upon inclusion for tax purposes in the gross estate of those non-probate assets dealt with in 26 U.S.C.A. §§ 2206 and 2207, is not a debt of the estate but is a lien upon such assets in the hands of the recipients or beneficiaries. For this reason we do not need to consider the question of abatement of legacies and devises for satisfaction of tax liability imposed on this estate by reason of the included life insurance proceeds.
In summary, we find that the plaintiff bank, as administrator, c. t. a. d. b. n. of the estate of Charles E. Dixon, is entitled to contribution from Jane Greene Dixon for her ratable share of the federal estate tax and North Carolina inheritance tax imposed upon the decedent's estate by reason of the inclusion of the life insurance proceeds (less *421 marital deductions and any other applicable exemptions) in the decedent's estate under 26 U.S.C.A. § 2042 (I.R.C.1954 § 2042) and N.C.G.S. § 105-13. The personal representative has broad powers to seek such contribution, see, e. g., Annotation 1 A.L.R.2d 978; and he may do so as will best fulfill his fiduciary responsibilities.
The order of Judge Thornburg is vacated and the cause is remanded for entry of an order not inconsistent with this opinion.
PARKER and HEDRICK, JJ., concur.